UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS NAVARRO MARTINEZ (A-Number: 078-265-349),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br>Respondents. | No. 1:26-cv-02222-KES-EGC (HC)<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>Doc. 1 |

This habeas action concerns the re-detention of petitioner Luis Navarro Martinez. Petitioner is a noncitizen who re-entered the United States in 2022, was detained shortly thereafter, and was placed in withholding-only proceedings. *See* Doc. 11-1 at 3. On May 15, 2023, petitioner received a bond hearing due to an injunction in a class action case, and the immigration judge ordered him released on $15,000 bond. *See* Doc. 11-3 at 1. On June 12, 2025, Immigration and Customs Enforcement agents re-detained him. *See* Doc. 11-1 at 3.

Petitioner argues that there was no changed circumstance between the time of his release on bond in May 2023 and his re-detention in June 2025, and that due process required that he be provided a bond hearing prior to any re-detention. *See* Doc. 1. The Court has addressed a similar claim in prior cases. *See, e.g.*, *Arzate v. Andrews*, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2411010 (E.D. Cal. Aug. 20, 2025).

Respondents do not identify any changed circumstances between the time of petitioner's release in 2023 and his re-detention in 2025. *See* Doc. 11. Respondents note that petitioner requested a bond hearing following his re-detention, and that the immigration judge denied bond for lack of jurisdiction on June 17, 2025. *See* Doc. 11-3 at 3. Petitioner appealed that order to the Board of Immigration Appeals ("BIA").[1] *See* Doc. 11-3 at 9–12. On March 25, 2026, the BIA held that, "under the circumstances presented here, we find it appropriate to remand this case for the Immigration Judge to conduct further fact finding on the threshold issue of whether there has been a change in circumstances justifying DHS's decision to re-detain the respondent." Doc. 11-3 at 12 (citing *Matter of Sugay*, 17 I & N Dec. 637, 639–40 (BIA 1981)). But on March 26, 2026, on remand from the BIA, the immigration judge found that she lacked jurisdiction over petitioner's bond hearing request because the class action injunction that had resulted in petitioner's 2023 bond hearing had been vacated since the BIA's decision. Doc. 11-3 at 13–14.

The Court finds, for the reasons stated in *Arzate v. Andrews*, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2411010 (E.D. Cal. Aug. 20, 2025), that petitioner's re-detention without a bond hearing to determine whether there was a change in circumstance violates due process.

Respondents are ORDERED to provide petitioner Luis Navarro Martinez (A-Number: 078-265-349) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate, by clear and convincing evidence, that there is a changed circumstance following petitioner's release on bond in 2023 which shows that petitioner is a flight risk or danger to the community. Petitioner may be

---

[1] In the interim, petitioner also received a bond hearing on December 30, 2025, at which the immigration judge denied petitioner's request for bond, concluding that petitioner was a danger due to his past criminal and immigration history and his previous gang membership. Doc. 11-3 at 7. But that history pre-dates the immigration judge's 2023 bond decision, and respondents do not point to any changed circumstances concerning petitioner since his 2023 release on bond. *See id.* The "changed circumstance" standard looks to petitioner's conduct following his release in 2023, and respondents do not identify any changed circumstance with regards to petitioner's conduct. And, subsequently, on March 26, 2026, the immigration judge found that she had no jurisdiction to hear petitioner's bond request on remand from the BIA.

represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: July 27, 2026

UNITED STATES DISTRICT JUDGE